IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD PATRICK HORTON                                                    PETITIONER

v.                         Case No. 5:22-CR-50061-001 TLB

UNITED STATES OF AMERICA                                                  RESPONDENT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 2, 2024, Petitioner Richard Horton (Horton), proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 129). This matter was referred to the undersigned for the purposes of making a Report and Recommendation[1] and for reasons explained below, it is recommended that Horton's Motion be **DENIED**.

**I. BACKGROUND**

Horton, along with his co-defendant, Betina Penny (Penny), was indicted by a federal grand jury on September 21, 2022, on three counts: (1) knowing conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting one another in the knowing and intentional distribution of methamphetamine on August 28, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and (3) aiding and abetting

---

[1] Pursuant to General Order 2024-05, filed on December 3, 2024, the Western District of Arkansas' practices with respect to Section 2255 Motions was amended and General Order No. 22, dated October 19, 2010, was superseded. The above-captioned matter was referred to a U.S. Magistrate Judge for report and recommendation on December 2, 2024, just prior to the district's enactment of General Order 2024-05. Recognizing the continued shortage of a district judge and increased workloads, and considering the need for judicial efficiency, the Magistrate Judge did not seek reassignment but enters this Report and Recommendation pursuant to General Order No. 22.

1

one another in the knowing and intentional distribution of methamphetamine on September 5, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. (ECF No. 1).

Horton, incarcerated at that time in the Benton County Detention Center, was arrested on the federal arrest warrant, and appeared for arraignment on October 13, 2022 (ECF No. 22), where Ken Osborne (Osborne), a CJA panel attorney, was appointed to represent Horton. (ECF No. 23, 24). On January 30, 2023, after a continuance of the trial date, Horton pled guilty to Count 2 of the Indictment – aiding and abetting Penny in the knowing and intentional distribution of methamphetamine on August 28, 2022. (ECF Nos. 43, 44).

The undersigned conducted a hearing on April 17, 2023, and at its conclusion, granted the Motion of Osborne to withdraw as counsel for Horton, and appointed CJA panel attorney Jay Moore (Moore) as Horton's replacement counsel. (ECF Nos. 59, 62, 63). On June 6, 2023, Horton was sentenced by Chief U.S. District Judge Timothy L. Brooks to 240 months imprisonment, 3 years supervised release, a $900 fine and $100 special assessment following an evidentiary hearing on Horton's remaining objections to the Presentence Investigation Report (PSIR) which were all denied. (ECF Nos. 76, 78).

Moore filed an appeal of Horton's sentence on June 13, 2023. (ECF No. 81). On December 27, 2023, the Court of Appeals issued its mandate, having affirmed Horton's sentence on November 20, 2023. (ECF Nos. 114, 114-1, 114-2).

After several miscellaneous motions related to copies (ECF Nos. 119, 123), this *pro se* Motion to Vacate followed.

## II. HORTON'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Horton asserts multiple grounds for § 2255 relief. Horton first alleges Osborne was ineffective when failing to seek suppression of a package of methamphetamine seized from a UPS

2

store in Washington County and ineffective when failing to challenge the Government's use of an audio listening device by confidential informants. (ECF No. 129, p. 5). Related allegations appear in Grounds Five and Six where Horton alleges Benton County Circuit Judge Christine Horwart lacked jurisdiction to authorize a search warrant for the UPS store in Washington County (Five) and that detectives never petitioned the Court for authorization to use an audio listening device. (Six). (ECF No. 129, p. 10).

For Ground Two, Horton complains Moore was ineffective at the time of Horton's sentencing when Moore "did not challenge the use of the methamphetamine sentencing disparity used by the United States Sentencing Commission." (ECF No. 129, p. 6). With respect to this claim, Horton alleges he was charged with distributing a methamphetamine mixture but sentenced with respect to actual methamphetamine. *Id.* Related to sentencing and as Ground Three, Horton complains the Government did not "prove by a preponderance of the evidence that the alleged methamphetamine was imported from Mexico" or from a "superlab" for purpose of application of the sentencing enhancement – the addition of two points to the calculated base offense level for "specific offense characteristics." (ECF No. 129, p. 8, referring to ECF No. 77, ¶ 52). Horton argues the package of methamphetamine was "mailed from California, there is no evidence that it wasn't manufactured there, and therefore, does not support the importation enhancement." *Id.*

Four Ground Four, Horton alleges his sentence was excessive as it amounts to a life sentence because he was 58 years old at the time of his sentencing and will not be released before he reaches age 73. (ECF No. 129, p. 9). Horton complains his sentence does not "fit the crime," particularly "when the conviction was based on circumstantial evidence." *Id.*

## III.  UNITED STATES' RESPONSE

The Government seeks denial of Horton's § 2255 Motion in its entirety, and without an evidentiary hearing.

With respect to Horton's allegation that Osborne was ineffective when failing to seek suppression of a package of methamphetamine addressed to Horton's residence but seized by law enforcement, the Government contends Horton cannot make the required showing under *Strickland v. Washington* because – in order to illustrate prejudice – Horton would need first to establish that the suppression motion would have been granted, resulting in a reasonable probability that the proceedings against Horton would have ended differently. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983).  The Government rejects Horton's argument that Judge Horwart lacked authority to issue the warrant – which would be executed in Washington County, Arkansas – as foreclosed by the Arkansas Supreme Court's decision in *Brenk v. State,* 311 Ark. 579, 590 (1993).

Moreover, the Government points out that, to have successfully challenged the search warrant, Horton must have asserted an interest in the methamphetamine that cloaked him with Fourth Amendment rights.  The Government says counsel's strategy should not now be second-guessed with respect to suppression because Horton's assertion of an interest in the methamphetamine (which was addressed to Horton's Madison County address) would have negatively impacted Horton's counsel's ability to argue about the methamphetamine; strategy decisions such as these are "virtually unchallengeable," says the Government, citing *United States v. Rice,* 449 F.3d 887, 897 (8th Cir. 2006).  And even had the methamphetamine package been suppressed, the Government says (1) there was sufficient other evidence to convict Horton, and

4

(2) Judge Brooks properly could consider any excluded evidence at Horton's sentencing hearing pursuant to *United States v. Tauil-Hernandez,* 88 F.3d 576, 581 (8th Cir. 1996).

The Government describes Horton's assertion that Osborne should have moved to exclude evidence obtained from an audio-recording device as similarly deficient. There is no requirement, says the Government, that law enforcement officers obtain court approval before using a common investigative tool such as a device to record Horton's conversations with his "false friends." Lacking any viable claim for suppression, either on a technicality or on the merits, the Government argues Osborne cannot be found ineffective in failing to make the motion, and even if he were, Horton cannot establish he sustained any prejudice as a result.

Turning to Horton's sentencing-related claim against Moore, the Government contends Horton cannot challenge Sentencing Guideline calculations in his § 2255 petition, citing *Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995). Next, it is argued that Moore's failure to challenge the calculations under USSG § 2D1.1 cannot be actionable as ineffective assistance because USSG §2D1.1 Notes to Drug Quantity Table B provides the unequivocal answer as to why the weight of actual methamphetamine (as opposed to the weight of a mixture) was used in Horton's Sentencing Guideline calculations – a sentencing court is guided to use the offense level determined by "either the entire weight of the mixture or substance" or the weight of the "methamphetamine (actual), whichever is greater." USSG §2D1.1 Notes to Drug Quantity Table B. Because the weight of the actual methamphetamine produced the highest base offense level, the Presentence Investigation Report correctly reflected, and the Court properly relied upon, a base offense level of 36 as Horton was accountable for "2.07597 kilograms of actual meth." (ECF No. 77, ¶¶ 44, 45, 51). For these reasons, the Government urges that Moore's failure to object to this calculation cannot be ineffective assistance of counsel, and even if it were, Horton cannot establish that Horton's

Sentencing Guideline calculations or his sentence would have differed. The Government points out the Eighth Circuit reviewed Horton's case under *Anders*, and when affirming, found no nonfrivolous grounds for appeal.

With respect to Horton's claim that his sentence is excessive and, for all practical purposes, a life sentence, the Government argues this claim is not properly raised in a § 2255 proceeding because it was raised on appeal and decidedly adversely to Horton. The Government points out that Horton's appeal included an argument that his sentence was substantively unreasonable and that Judge Brooks did not "give enough weight to several mitigating factors, specifically, Mr. Horton's age;" these claims, says the Government, were rejected by the Eighth Circuit and are foreclosed. *Theus v. United States,* 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.").

Finally, with respect to Horton's remaining claims that he was subjected to an unlawful search and seizure of the methamphetamine and unlawful use of an audio-recording device, the Government says that these non-jurisdictional Fourth Amendment arguments are foreclosed from consideration under § 2255 by Horton's guilty plea. *See Smith v. United States*, 876 F.2d 655, 657 (8th Cir)., *cert denied,* 493 U.S. 869 (1989).

With respect to Horton's evidentiary hearing request, the Government states that § 2255 and Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court ("Rule 4(b)") provide the framework for determining whether an evidentiary hearing should be granted. Under § 2255, prisoners are not entitled to a hearing where the record conclusively illustrates the prisoner's ineligibility for relief. Relying on Rule 4(b), the Government contends no evidentiary hearing is needed given that all the information necessary to decide Horton's § 2255

claims is already in the record, citing *Rogers v. United States,* 1 F.3d 697, 699 (8th Cir. 1993) and *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 835-36 (8th Cir. 2005). (ECF No. 136, pp. 4-5).

## IV. DISCUSSION

When federal prisoners believe their sentence is in violation of the Constitution or laws of the United States, or that their sentence exceeded the maximum sentence by law, or is otherwise subject to collateral attack, they may move the court which imposed the sentence to either vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Courts may grant § 2255 motions if they find the law does not authorize the judgment or if denials and infringements upon the constitutional rights of the prisoner exist which render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b). As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States,* 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

A review of Horton's § 2255 Petition, considering the district court's record, conclusively illustrates that he is not entitled to relief. The undersigned recommends dismissal of Horton's § 2255 Motion with prejudice and without conducting an evidentiary hearing.

### A. Timeliness

Section 2255(f) imposes a 1-year limitation period for filing this motion. Time begins to run from the latest of the following: (1) the date when the conviction judgment becomes final; (2) the date when the impediment to making a motion created by the governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from

making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through exercise of due diligence. 28 U.S.C. § 2255(f).

Horton filed his § 2255 Motion on December 2, 2024.  The Eighth Circuit Court of Appeals issued an opinion and judgment on November 15, 2023.  Horton's conviction became final on February 13, 2024; therefore, Horton's § 2255 Motion was filed within the 1-year period of finality, and the timeliness of his Motion is not at issue.

### B. Procedural Bars

Pursuant to § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255, however, "does not encompass all claimed errors in conviction and sentencing," but only "jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. (citations omitted); *see also Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (Petitioners "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.").

Applying these principles, the Eighth Circuit and sister circuits have consistently held "that ordinary questions of [sentencing] guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Auman v. United States*, 67 F.3d

157, 161 (8th Cir.1995); *accord United States v. Pregent,* 190 F.3d 279, 284 (4th Cir.1999); *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir.1999); *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir.1996). Therefore, where a sentence is not unlawful, sentencing questions generally "may not be re-litigated under § 2255." *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000). An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority. *United States v. Foster,* 514 F.3d 821, 824 (8th Cir. 2008); *United States v. Stobaugh,* 420 F.3d 796, 804 (8th Cir. 2005) ("a sentence is not illegal ... unless it exceeds the statutory maximum for the offense of conviction"), *cert. denied,* 546 U.S. 1120 (2006).

Here, the maximum sentence that could be applied pursuant to 21 U.S.C. § 841(b)(1)(C) was 240 months (ECF No. 77, ¶ 179), and this was also the calculated guideline term (ECF No. 77, ¶ 180); Judge Brooks imposed a sentence of 240 months, and the sentence was affirmed on appeal. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255. *See United States v. McGee,* 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam). Horton's Grounds Two and Three – arguing misapplication and/or miscalculation of the Guidelines – are foreclosed because in the absence of a miscarriage of justice (i.e., Horton's sentence does not exceed that authorized by law, *United States v. Addonizio,* 422 U.S. 178, 185 (1979)), Section 2255 offers Horton no sentencing relief.

Horton then argues in Ground Four that this sentence is effectively a life sentence for him. While this may be the unfortunate effect of this length of incarceration imposed at Horton's sentencing age, this does not afford Horton relief under § 2255 as the Eighth Circuit concluded the length of Horton's sentence was not substantively unreasonable. (ECF Nos. 114, 114-1, 114-2).

The undersigned thus recommends that Grounds Two, Three and Four be denied as procedurally barred.

Furthermore, "a guilty plea waives all defects except those that are jurisdictional." *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (internal quotation omitted); *see also Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence.") (cleaned up); *Bousley v. United States,* 523 U.S. 614, 621 (1998) (it is "well settled" that a voluntary and intelligent guilty plea "may not be collaterally attacked."). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

The undersigned believes that Grounds One, Five and Six – alleging Fourth Amendment violations and challenging counsel's lack of suppression motions prior to the date of Horton's plea – are procedurally barred by Horton's informed, voluntary and uncoerced guilty plea.  (ECF Nos. 43, 44).  Out of an abundance of caution, however, these claims will be addressed below.

### C. Ineffective Assistance of Counsel Claims

Where federal prisoners believe their constitutional right to an effective attorney was violated, they may raise ineffective assistance of counsel claims to argue a Sixth Amendment violation. *Strickland v. Washington*, 466 U.S. 668, 699, 701 (1984). When determining whether a prisoner's right to effective counsel was violated, the court must apply a two-part test: (1) performance – whether the defendant's attorney acted in a manner unreasonable to prudent counsel; and (2) prejudice – but for defendant's attorney's action, defendant would have a different outcome. *Id.*, at 687-88. When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound

10

trial strategy." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996)).  Where a defendant is unable to prove prejudice, the reviewing court does not need to address the deficiency of counsel's performance. *Strickland*, 466 U.S. at 688. Regarding prejudice, the standard is one of "reasonable probability." *Id*., at 694. "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v. Cronic,* 466 U.S. 648, 658 (1984)).  To satisfy a showing of prejudice in cases involving guilty pleas, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *York v. Lockhart,* 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))

Counsel is not ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile. *See United States v. Luke,* 686 F.3d 600, 606 (8th Cir. 2012); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).  Put another way, failure to file a motion to suppress does not automatically demonstrate constitutionally ineffective assistance of counsel, *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986).

First, with respect to Horton's challenge to the authority of Benton County Circuit Judge Horwart to issue a search and seizure warrant to be executed in Washington County, the Arkansas Supreme Court answered this question in *Brenk v. State*, 311 Ark. 579 (1993), where it was held:

> The statute which controls a judicial officer's ability to issue a search warrant is Ark. Code Ann. § 16–82–201 (1987). It provides in pertinent part: "A search warrant may be issued by any judicial officer of this state only upon affidavit sworn to before a judicial officer which establishes the grounds for its issuance." Ark. Code Ann. § 16–82–201(a). The applicable statute does not give any indication that the jurisdiction of a judicial officer in issuing search warrants is limited to the county in which the judicial officer was elected or appointed. In fact, it expressly provides that a search warrant may be issued by any judicial officer. We refuse to find that judicial officers are limited to issuing search warrants only in the counties

11

> in which they were elected or appointed and, therefore, find that the search warrant issued by Judge Bearden was valid.

*Id.* at 590. Ark. Code Ann. § 16-82-201(a) governs the issue of search warrants now as it did in 1993, and thus, pursuant to the still good law set forth in *Brenk,* Judge Horwart possessed the necessary legal authority to issue the warrant which resulted in the seizure of a package of methamphetamine from the UPS store in Washington County. When a defendant claims that counsel was ineffective by failing to litigate a Fourth Amendment challenge to a search and seizure, the defendant must prove that the claim is meritorious. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986). Horton has not and cannot clear this hurdle – any motion challenging Judge Horwart's authority to issue the warrant is antithetical to Arkansas law, and Horton's Ground Five is soundly rejected for this reason.

Moreover, even if the undersigned believed (and it does not) that Osborne was ineffective for failure to seek suppression of the package of methamphetamine **and** successfully could have overcome the plethora of legal exceptions available in Fourth Amendment jurisprudence, Horton still cannot illustrate prejudice under *Strickland* – Judge Brooks was permitted to consider the seized methamphetamine at the time of Horton's sentencing even if the methamphetamine was suppressed for the purposes of trial. *See United States v. Tauil-Hernandez,* 88 F.3d 576, 581 (8th Cir. 1996) ("Extending the exclusionary rule to sentencing would have a detrimental effect on the traditional judicial prerogative of sentencing an offender based upon all the relevant and reliable information that is available."); *see also United States v. Lynch,* 934 F.2d 1226, 1234-37 (11th Cir. 1991), *cert. denied,* 502 U.S. 1037 (1992) (declining to extend the exclusionary rule to sentencing).

With respect to seeking suppression of the audio listening device evidence, Horton offers no grounds for its suppression. Other than wiretaps, there appears no requirement that law enforcement obtain court permission to use a listening or recording device for conversations in

12

which a defendant may participate during controlled drug transactions. And it is well-established in Fourth Amendment law that a person engaged in a conversation assumes the risk that another party to the conversation might choose to divulge or even record the conversation. *See United States v. White*, 401 U.S. 745, 752–53 (1971). When audiotaping a conversation, an informant's consent is generally all that is needed to render the taping permissible. *United States v. Corona-Chavez*, 328 F.3d 974, 981 (8th Cir. 2003) (citations omitted). Ground Six thus entirely lacks merit. To the extent Ground Once alleges Osborne should have pursued this theory via a motion to suppress, it also lacks merit. Counsel is afforded deference when it comes to matters of trial strategy. *See United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001). Horton's burden under § 2255 is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Horton does not and cannot make the requisite showing as to Grounds One or Six.

Failing as a matter of law, the undersigned recommends that Grounds One, Five and Six be dismissed with prejudice.

As a precaution and to the extent they survive procedural default – Horton's contentions in Ground Two that Moore was ineffective for failing to make objections related to application of the sentencing guidelines and in Ground Three that the United States had not made a requisite evidentiary showing about the seized methamphetamine, the record before the Court is to the contrary.

With respect to Ground Two, while Moore did not himself file objections to the PSIR, Osborne filed seven (7) objections, including Objections 1 and 5 challenging PSIR Paragraphs 28 and 52 as Horton "believes there is insufficient proof that any drugs came from Mexico." (ECF Nos. 70, 70-1). Osborne made five (5) additional objections, objecting to inclusion of

13

methamphetamine seized on September 12, 2022, at the postal sorting facility (Objection 2); challenging the total weight of the actual methamphetamine (Objection 3); objecting to the base offense level, arguing it should be level 30 based upon the total weight of the actual methamphetamine (Objection 4); objecting to the final offense level, arguing it should be a level 27 (Objection 6); and objecting that the correct guideline range should be 130-162 months, rather than 240 month (Objection 8). (ECF Nos. 70, 70-1).  Moore did not waive or dismiss any objection but pursued each during the Sentencing Hearing with Judge Brooks.  (ECF No. 89).

With respect to the enhancement (Ground Three), the Government called Joshua Cookinham, a detective with the Rogers Police Department, to testify, and Moore cross-examined Cookinham with respect to the factual basis for the enhancement. (ECF No. 89, pp. 10-41). Despite Moore's arguments, Judge Brooks overruled Horton's objections and rejected a contention that Horton now re-asserts in his § 2255 Motion (i.e., that the evidence against him is circumstantial), with Judge Brooks recognizing that "circumstantial proof is every bit as good as direct proof.  The law makes no distinguishment between the two types of proof." (ECF No. 89, p. 50).  Judge Brooks went into sufficient and careful detail, as the sentencing transcript reflects, when making his factual findings for application of the sentencing enhancement, and overruling Horton's objections to the contrary.  (ECF No. 89, pp. 49-62). Here, the record simply does not reflect that either Osborne or Moore abandoned their obligations to Horton during the presentence or sentencing phase of his case or acted in any way contrary to reasonable and prudent counsel.

### D. Evidentiary Hearing

A § 2255 motion may be dismissed without hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather

14

than statements of fact. *Delgado v. United States,* 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States,* 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted).

Applying this standard to the allegations and the record, the undersigned finds Horton fails to meet the requirements identified in *Delgado,* 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey,* 377 F.3d at 909. Accordingly, no evidentiary hearing is required in this case.

### E. Certificate of Appealability

To appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Upon review, the undersigned observes that issuance of a certificate is not appropriate here as no issue raised by Horton is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds,* 498 U.S. 430, 432 (1991) (per curiam)).

### V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Horton's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 129) be **DENIED**.  It is also recommended that Horton's request for an evidentiary hearing be **DENIED** and any future request for a certificate of appealability be **DENIED**.

For these same reasons, it is recommended that Horton's Motion to Appoint Counsel (ECF No. 138) and Motion for Copies (ECF No. 140) be **DENIED as MOOT.**

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must both be timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 27th day of January 2026.

*Christy Comstock*
_____
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE